

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-229-CR**

DANREK DEMONE THOMPSON                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On February 15, 2008, Appellant Danrek Demone Thompson pled guilty pursuant to a plea bargain to possession of a controlled substance (cocaine) in the amount of one gram or more but less than four grams. The trial court placed him on three years' deferred adjudication community supervision. On May 22, 2009, the State filed an amended petition to proceed to adjudication, alleging that Appellant had violated the terms and conditions of his community supervision by:

------------

[1] *See* Tex. R. App. P. 47.4.

- testing positive for tetrahydrocannabinol (THC) on three separate occasions,

- testing positive for both THC and morphine on one occasion,

- testing positive for alcohol on one occasion,

- being unsuccessfully discharged from outpatient counseling,

- failing to report to his probation officer in three separate months,

- failing to pay crime stoppers and community supervision fees,

- submitting a diluted urine specimen on two separate occasions, and

- failing to submit urine tests on seven separate occasions.

Appellant pled true to all allegations and also signed a judicial confession stating that he had committed each and every act alleged in the amended petition. After hearing the evidence, the trial court found all the allegations except those involving fees true, adjudicated Appellant's guilt, and sentenced him to eight years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

2

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief.  We agree with counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.[6]  Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 29, 2010

---

[4] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923.

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[6] *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

3